| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

UNITED STATES OF AMERICA §
§
*versus* § CASE NO. 1:17-CR-100
§
COREY WAYNE STONE §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Corey Wayne Stone's ("Stone") Administrative Exhaustion Notice Request (#64), wherein he requests the court take notice of the BOP's March 4, 2020, denial of his formal request for compassionate release. Stone's request is moot.

In the court's Memorandum and Order (#57) dated April 21, 2020, the court specifically addressed Stone's January 9, 2020, formal request and the BOP's March 4, 2020, subsequent denial. The court order states:

> In response to Stone's administrative request, the BOP determined that Stone did "not meet the criteria for Medical Circumstances - Debilitated Medical Condition" in order to be considered for compassionate release. The BOP noted that "although [Stone has] chronic medical conditions, [he is] able to independently attend to [his] activities of daily living. [His] condition is stable and [he is] able to function in a correctional facility."

The court attributed Stone's formal request to his *pro se* motion (#51) relating to compassionate release due to his medical conditions. With regard to Stone's *pro se* letter and motion relating to COVID-19 (## 53 and 56) the court noted that Stone had not submitted a formal request premised specifically on his COVID-19 concerns. The court stated:

> Further, Stone submitted only an informal administrative remedy request to the BOP staff relating to COVID-19. The Government also states that the BOP attorney confirmed that Stone has not initiated any formal request. Thus, it appears that Stone has not exhausted the administrative remedy process by submitting a formal request to have his circumstances evaluated by the warden regarding compassionate release specifically with regard to COVID-19.

On March 30, 2020, Stone submitted only an informal request for administrative remedy, which does not satisfy the requirements of 18 U.S.C. § 3582(c)(1)(A). Moreover, on April 2, 2020, the BOP attempted to resolve Stone's informal request by stating, "There is no guidance on COVID-19 emergency release procedures [and] [Stone] would still need to meet [the] criteria for home confinement." Although Stone submitted an informal request, he must still satisfy the statutory requirements of 18 U.S.C. § 3582(c)(1)(A). Under 28 C.F.R. § 571.61, entitled Initiation of Request-Extraordinary or Compelling Circumstances, the following is required:

> (a) A request for a motion under 18 U.S.C. 4205(g) or 3582(c)(1)(A) shall be submitted to the Warden. Ordinarily, the request shall be in writing, and submitted by the inmate. An inmate may initiate a request for consideration under 18 U.S.C. 4205(g) or 3582(c)(1)(A) only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing. The inmate's request shall at a minimum contain the following information:
>
>> (1) The extraordinary or compelling circumstances that the inmate believes warrant consideration.
>>
>> (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

28 C.F.R. § 571.61(a). In any event, at this juncture, even if he had exhausted his administrative remedies, Stone does not present a valid claim for relief, as discussed in the court's previous orders, *i.e.*, Stone has not raised any novel legal arguments, demonstrated that he does not pose a risk to any other person or the community if released, or established that extraordinary and compelling grounds exist for his release.

Therefore, Stone must comply with the statutory requirements identified in 18 U.S.C. § 3582(c)(1)(A) and submit a request to the warden relating specifically to COVID-19.

SIGNED at Beaumont, Texas, this 20th day of May, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE