|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:17-CR-100 |
| | § | |
| COREY WAYNE STONE | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Corey Wayne Stone's ("Stone") *pro se* Letter Motion (#102), wherein he requests that the court order the Bureau of Prisons ("BOP") to place him in a halfway house as required by the First Step Act. The court liberally construes this filing as a motion for placement in a residential reentry center. Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.  Background

Stone was sentenced on March 1, 2018, before United States District Judge Ron Clark after pleading guilty to the offense of Possession with Intent to Distribute Methamphetamine. Stone was sentenced to 72 months' imprisonment followed by a 3-year term of supervised release, which was subject to the standard conditions of release, plus special conditions, to include financial disclosure, treatment and testing for substance abuse, and a $100 special assessment. On March 5, 2019, this case was reassigned to the undersigned.

Stone completed his term of imprisonment and began serving his initial supervision term on July 5, 2022. On November 3, 2022, the court modified the conditions of supervision, with Stone's consent, to include any combination of psychiatric, psychological, or mental health treatment programs. On September 21, 2023, the original term of supervised release was revoked, and Stone was sentenced to 6 months' imprisonment followed by an additional 2-year term of

supervised release, subject to the original and previously modified conditions of supervision. Stone completed his period of imprisonment on January 24, 2024, and commenced his new term of supervised release. On September 26, 2024, Stone's new term of supervised release was also revoked. Stone was sentenced to 13 months' imprisonment, with no supervised release to follow.

Now pending is Stone's motion for placement in a residential reentry center, filed January 27, 2025. Stone complains that he is currently confined in a rehabilitation hospital, which is not a BOP facility and where he is unable to receive First Step Act credits. The BOP Inmate Locator Website indicates, however, and Probation confirms, that Stone is now confined in FCI Beaumont Low with a projected release date of July 18, 2025.

II.   Analysis

With regard to Stone's request that he be transferred to a residential reentry center, "a decision to designate a facility as a place of federal detention, pursuant to 18 U.S.C. § 3621(b), is 'plainly and unmistakably within the BOP's [Bureau of Prisons] discretion and [the court] cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy.'" *Peagler v. Reese*, No. 5:07-CV-166, 2010 WL 1409854, at *1 (S.D. Miss. Apr. 2, 2010) (quoting *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005)); *accord United States v. Sikes*, No. 4:12-CR-211, 2021 WL 1090751, at *1 (E.D. Tex. Mar. 22, 2021) ("Once a sentence is imposed, BOP is solely responsible for determining an inmate's place of incarceration."); *Vega v. Bergami*, No. EP-20-CV-127-DCG, 2020 WL 3686141, at *5 (W.D. Tex. July 6, 2020); *Pass v. Mosley*, No. 3:15CV664 CWR-LRA, 2017 WL 6806658, at *3 (S.D. Miss. Nov. 8, 2017), *adopted by* No. 3:15-CV-664-CWR-LRA, 2018 WL 283856 (S.D. Miss. Jan. 3, 2018). Indeed, "[t]he [BOP] has the sole authority to designate a

prisoner's place of incarceration." *United States v. Chaney*, 823 F. App'x 278, 279 (5th Cir. 2020) (citing *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993)); *United States v. Johnson*, No. 3:01-CR-167 HTW-LGI, 2021 WL 3713457, at *8 (S.D. Miss. Aug. 20, 2021) ("Once a sentence is imposed, BOP is clearly solely responsible for determining an inmate's place of incarceration."); *see* 18 U.S.C. 3621(b). "The [BOP] is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences." *United States v. Voda*, 994 F.2d 149, 152 (5th Cir. 1993). The governing statute further provides that "[t]he Bureau may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another." 18 U.S.C. 3621(b). The statute also states that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." *Id.*; *United States v. Ford*, No. 04-CR-60 (JCH), 2009 WL 3059129, at *1 (D. Conn. Sept. 21, 2009) (holding that the court must deny a motion to transfer BOP facilities because it is beyond the purview of the court). Hence, the court is without authority to designate Stone's place of confinement and order his transfer to a residential reentry center.

There are two statutes that govern the BOP's discretion regarding the placement of an inmate in a particular facility, including residential reentry centers: 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624. *Vega,* 2020 WL 3686141, at *4. "In 2006, the ["BOP"] began referring to halfway houses which were formerly titled 'Community Corrections Centers' . . . as 'Residential Reentry Centers.'" *Spears v. Carvajal*, No. 5:11-CV-151, 2011 WL 8492718, at *1 n.1 (E.D. Tex. Sept. 30, 2011), *adopted by* No. 5:11-CV-151, 2012 WL 3136022 (E.D. Tex. Aug. 1, 2012). As noted above, 18 U.S.C. § 3621(b) provides the BOP with the "exclusive authority to determine where a prisoner is housed." *United States v. Dugan*, No. 4:12-CR-00143-004, 2023

WL 3550092, at *7 (E.D. Tex. May 18, 2023); *United States v. Boutte*, 568 F. Supp. 3d 706, 713 n.4 (E.D. Tex. 2021); *see* 18 U.S.C. § 3621 ("The [BOP] shall designate the place of the prisoner's imprisonment."); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971). The Second Chance Act of 2007, 18 U.S.C. § 3624, authorizes the BOP to provide post-imprisonment rehabilitation services. *Vega*, 2020 WL 3686141, at *4; *Burg v. Nicklin*, No. EP-19-CV-24-FM, 2019 WL 369153, at *2 (W.D. Tex. Jan. 29, 2019); *see* 18 U.S.C. § 3624(c)(1) ("The Director of the [BOP] shall . . . ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.").

    Specifically, as to Stone's claim:

> The [Second Chance] Act addresses placement in community corrections facilities such as halfway houses. 18 U.S.C. § 3624(c) (2012). It grants the BOP Director the discretion to place a prisoner in a community corrections facility for up to twelve months, instead of limiting that time to six months as permitted by the prior law. *Id*. The [Second Chance] Act authorizes the Director, "to the extent practicable, . . . to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." *Id*. It also directs the BOP to issue new regulations to ensure that placements in community correctional facilities are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id*. § 3624(c)(6).

*Vega*, 2020 WL 3686141, at *5; *see United States v. Perri*, No. 23-2243, 2023 WL 5925887, at *2 (3d Cir. Sept. 12, 2023) ("Under the Second Chance Act, the BOP director is permitted (but not required) to place an inmate in a community correctional facility during the final twelve months of his sentence."); *Ward v. Bureau of Prisons*, No. 3:19-CV-770-D-BN, 2019 WL 1930025, at *2 (N.D. Tex. Apr. 2, 2019) (quoting *Burg*, 2019 WL 369153, at *2), *adopted by* No. 3:19-CV-770-D, 2019 WL 1924903 (N.D. Tex. Apr. 30, 2019).

It is well settled that no prisoner has a constitutional right to be confined in a particular place—including a residential reentry center. *E.g.*, *Poree v. Akwitti*, 834 F. App'x 934, 935 (5th Cir. 2021); *Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 741 (5th Cir. 2020); *see Candrick v. Carr*, No. 4:21-CV-994-P, 2021 WL 6617671, at *1 (N.D. Tex. Dec. 3, 2021) ("Notwithstanding a prisoner's eligibility for pre-release [residential reentry center] placement, it is well settled that there is no constitutionally protected right of a convicted person . . . to be confined in any particular place."); *Vega*, 2020 WL 3686141, at *5 (citing *McKune v. Lile*, 536 U.S. 24, 39 (2002); *Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Meachum v. Fano*, 427 U.S. 215, 224 (1976)). Indeed, "[t]he Attorney General—and by delegation the BOP—has exclusive authority and discretion to designate the place of an inmate's confinement." *Burg*, 2019 WL 369153, at *3 (citing *Moore v. U.S. Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma*, 445 F.2d at 1324); *accord Aragones v. United States*, No. EP-21-CV-296-DCG, 2021 WL 5908600, at *2 (W.D. Tex. Dec. 13, 2021). Thus, "any approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *Burg*, 2019 WL 369153, at *3 (quoting *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987)).[1]

Because the BOP has the exclusive authority to determine whether to assign Stone to a residential reentry center, the court cannot order that Stone be placed in such a facility. Moreover, to the extent Stone requests the court to recommend to the BOP that he later be placed

---

[1] The statutory language in 18 U.S.C. § 4082(b) was re-codified through Pub. L. 98-473, Title 2 II, § 212(a)(2), Oct. 12, 1984, and is currently found at 18 U.S.C. § 3621(b). *See Burg*, 2019 WL 369153, at *3 n.2.

5

in a residential reentry center, the court declines to do so. *See United States v. Carrasco*, No. EP-19-CR-01957-DCG, 2021 WL 141273, at *3 (W.D. Tex. Jan. 15, 2021) (declining to recommend a defendant for placement at a halfway house because the BOP was in the "best position" to evaluate her, given that the BOP's employees worked with her and were privy to her complete records); *Vega*, 2020 WL 3686141, at *6 (denying the prisoner's request to recommend that he be released to a residential reentry center). The court finds that the decision of whether Stone should serve a portion of his sentence in a residential reentry center, as well as the length of such placement, is "best left to the discretion, experience, and expertise of the BOP." *United States v. Davis*, No. 3-17-CR-010-D, 2020 WL 1865197, at *1 (N.D. Tex. Apr. 10, 2020); *see, e.g.*, *Williams v. Flournoy*, 732 F. App'x 810, 812 (11th Cir. 2018) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." (quoting *McKune*, 536 U.S. at 39)); *Livas v. Myers*, 455 F. Supp. 3d 272, 283 (W.D. La. 2020) ("Such a designation and/or classification falls squarely within BOP's authority and outside the purview of this Court. To rule otherwise would make this Court a de facto 'super' warden of [the correctional facility]."); *Burg*, 2019 WL 369153, at *3 (quoting *In re Gee*, 815 F.2d at 42); *United States v. Gould*, No. 7:05-CR-020-O, 2018 WL 3956941, at *1 (N.D. Tex. Jan. 17, 2018) ("[T]he BOP is in the best position to determine whether [residential reentry center]/halfway house placement would be of benefit to [the defendant] and to society in general.").

Moreover, such a determination would likely be based in large part on how Stone has conducted himself since the revocation of his last term of supervised release. As the record reflects, Stone has experienced recurring problems during prior terms of imprisonment and supervised release. The record also indicates that at the time of sentencing for his offense of

conviction (possession with intent to distribute methamphetamine), his Presentence Investigation Report, prepared on February 16, 2018, noted that he had accumulated 30 criminal history points for a variety of previous offenses. This suggests that Stone may not be a suitable candidate for placement in a residential reentry center. Accordingly, the court does not have the authority to order—and will not otherwise recommend—that Stone be placed in a residential reentry center.

III.    Conclusion

Consistent with the foregoing analysis, Stone's *pro se* Letter Motion (#102) is DENIED.

SIGNED at Beaumont, Texas, this 14th day of February, 2025.

                              MARCIA A. CRONE
                             UNITED STATES DISTRICT JUDGE